UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

JASON WILSON,

Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. LUCIA BALDANZA,
Shield No. 2444, Individually and in her Official
Capacity, and P.O.s "JOHN DOE" #1-5, Individually and
in their Official Capacity (the name John Doe being
fictitious, as the true names are presently unknown),

Defendants.

-------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

Plaintiff JASON WILSON, by his attorneys, COHEN & FITCH LLP, complaining of the defendants, respectfully alleges as follows that:

**PRELIMINARY STATEMENT**

1.      Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

2.      This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

**VENUE**

4.      Venue is properly laid in the Southern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6.      Plaintiff JASON WILSON is an African American male and has been at all relevant times a resident of New York County in the City and State of New York.

7.      Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9.      At all times hereinafter mentioned P.O. LUCIA BALDANZA and P.O.s JOHN DOE #1-5, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13.     On or about February 22, 2014, at approximately 5:45 p.m. in the County of New York, State of New York, the plaintiff, JASON WILSON, was lawfully present in the vicinity of 1600 Broadway, New York, New York.

14.     At the aforesaid time and place plaintiff was walking to a restaurant to eat.

15.     Prior to going to the restaurant, plaintiff had been selling CDs of his own music, an activity for which he had a general vendors license.

16.     At the aforesaid time and place, defendants approached plaintiff and handcuffed plaintiff's arms tightly behind his back.

17.     Thereafter, defendants charged plaintiff with Aggressive Begging in a Public Place and Disorderly Conduct.

18.     At no time on February 22, 2014, did the plaintiff beg from anyone, aggressively or otherwise, nor had he acted in a disorderly manner, or behave unlawfully in any way.

19.     At no time on February 22, 2014, did defendants possess reasonable suspicion to stop, question, and/or frisk plaintiff.

20.     At no time on February 22, 2014, did defendants possess probable cause to arrest plaintiff.

21.     At no time on February 22, 2014, did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

22.     Thereafter, defendants transported plaintiff to a nearby police precinct and confined him in a holding cell without his consent.

23.     In connection with the plaintiff's arrest, defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the New York County District Attorney's Office – namely, the defendants falsely informed prosecutors that plaintiff had aggressively begged pedestrians for money and had intentionally obstructed their ability to walk on the sidewalk when he  was simply offering to sell CDs of his own music, an activity which is lawful and protected by the First Amendment.

24.     Thereafter, defendants repeatedly gave the aforementioned false and misleading statements regarding the facts and circumstances of the plaintiff's arrest to prosecutors.

25.     Further, on or about February 22, 2014 defendant P.O. LUCIA BALDANZA signed a sworn criminal complaint, thereby initiating the prosecution on one (1) count of Aggressive Begging in a Public Place and one (1) count of Disorderly Conduct.

26.     As a result of his unlawful arrest and prosecution, the plaintiff spent approximately twenty-four (24) hours in police custody and approximately three (3) months making court appearances before the charges against him were dismissed on May 28, 2014.

27.     As a result of the foregoing, the plaintiff sustained, *inter alia*, loss of liberty, mental anguish, shock, fright, apprehension, embarrassment, humiliation, physical injury, and deprivation of his constitutional rights.

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

28.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

29.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

30.     All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

31.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

32.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

33.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

**SECOND CLAIM FOR RELIEF**
**FALSE ARREST UNDER 42 U.S.C. § 1983**

34.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

35.     As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, illegally searched and confined, without any probable cause, privilege or consent.

36.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

**THIRD CLAIM FOR RELIEF**
**MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983**

37.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

38.     Defendants misrepresented and falsified evidence before the New York County District Attorney.

39.     Defendants did not make a complete and full statement of facts to the District Attorney.

40.     Defendants withheld exculpatory evidence from the District Attorney.

41.     Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff.

42.     Defendants lacked probable cause to initiate criminal proceedings against plaintiff.

43.     Defendants acted with malice in initiating criminal proceedings against plaintiff.

44.     Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff.

45.     Defendants lacked probable cause to continue criminal proceedings against plaintiff.

46.     Defendants acted with malice in continuing criminal proceedings against plaintiff.

47.     Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

48.     Specifically, the defendants falsely informed prosecutors that plaintiff had aggressively begged pedestrians for money and had intentionally obstructed their ability to walk on the sidewalk when he was simply offering to sell CDs of his own music, an activity which is lawful and protected by the First Amendment.

49.     Notwithstanding the perjurious and fraudulent conduct of defendants, all of the charges were terminated in plaintiff's favor on or about May 28, 2014 when those charges against him were dismissed.

50.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FOURTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

51.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

52.     Defendants created false evidence against the plaintiff.

53.     Defendants forwarded false evidence and false information to prosecutors in the Bronx County District Attorney's office – namely, the defendants falsely informed prosecutors that plaintiff had aggressively begged pedestrians for money and had intentionally obstructed their ability to walk on the sidewalk when he was simply offering to sell CDs of his own music, an activity which is lawful and protected by the First Amendment.

54.     Defendants misled the prosecutors by creating false evidence against the plaintiff and thereafter providing the aforementioned false statements throughout the criminal proceedings.

55.     In creating false evidence against the plaintiff, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiff's constitutional right to a fair trial under the Sixth Amendment and the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

56.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

**FIFTH CLAIM FOR RELIEF**
**UNLAWFUL SEARCH AND SEIZURE UNDER 42 U.S.C. § 1983**

57.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

58.     As a result of the aforesaid conduct by defendants, plaintiff's person and possessions were illegally and improperly seized and searched without consent, a valid warrant, probable cause, privilege or consent, in violation of his constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

**SIXTH CLAIM FOR RELIEF**
**FIRST AMENDMENT VIOLATION UNDER 42 U.S.C. § 1983**

59.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

60.     By their conduct, as described herein, and acting under color of state law to deprive the plaintiff of his right to freedom of speech under the First and Fourteenth Amendments, the individual defendants are liable for violation of 42 U.S.c. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

61.     The individual defendants have violated plaintiff's First Amendment rights to speech by unlawfully denying his right to speak freely by subjecting him to false arrest and prosecution to deter the exercise of his First Amendment rights. Defendants' actions were taken in retaliation for plaintiff's exercising his First Amendment rights.

62.     As a consequence of the individual defendants' actions, plaintiff has suffered violations of his First and Fourteenth Amendment rights to free speech. Plaintiff has fear and apprehension that he will, again, be subject to similar unlawful acts by defendants done for the purpose of limiting and preventing his First Amendment-protected activities.

63.     As a direct and proximate result of the individual defendants' unlawful actions, plaintiff has suffered damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## SEVENTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

64.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

65.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

66.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

    i.   arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics; and

    ii.   arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing; and

iii. fabricating evidence in connection with their prosecution in order to cover up police misconduct; and

iv. arresting individuals for constitutionally protected activity under the First Amendment.

67. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of the plaintiff.

68. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by the plaintiff as alleged herein.

69. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by the plaintiff as alleged herein.

70. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the plaintiff's constitutional rights.

71. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of the plaintiff's constitutional rights.

72. The acts complained of deprived the plaintiff of his right:

a. Not to be deprived of liberty without due process of law;

b. To be free from seizure and arrest not based upon probable cause;

c. Not to have summary punishment imposed upon him; and

d. To receive equal protection under the law.

**PENDENT STATE CLAIMS**

73.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

74.     On or about June 16, 2014 and within ninety (90) days after the claim herein accrued, the plaintiffs duly served upon, presented to and filed with defendant THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50 (e)**.**

75.     Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

76.     Defendant THE CITY OF NEW YORK demanded a hearing pursuant to General Municipal Law § 50-h and a hearing was held on August 19, 2014.

77.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

78.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

79.     This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

**EIGHTH CLAIM FOR RELIEF**
**FALSE ARREST**

80.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

81.     Defendant police officers arrested plaintiff in the absence of probable cause and without a warrant.

82.     As a result of the aforesaid conduct by defendants, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings.   The aforesaid actions by the defendants constituted a deprivation of plaintiff's rights.

## NINTH CLAIM FOR RELIEF
## ASSAULT

83.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

84.     Defendants' aforementioned actions placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

85.     As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## TENTH CLAIM FOR RELIEF
## BATTERY

86.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

87.     Defendant police officers touched plaintiff in a harmful and offensive manner.

88.     Defendant police officers did so without privilege or consent from plaintiff.

89.     As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

## ELEVENTH CLAIM FOR RELIEF
## FALSE IMPRISONMENT

90.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

91.     As a result of the foregoing, plaintiff was falsely imprisoned, his liberty was restricted for an extended period of time, he was put in fear for his safety, he was humiliated and he was subjected to handcuffing, and other physical restraints.

92.     Plaintiff was conscious of said confinement and did not consent to same.

93.     The confinement of plaintiff was without probable cause and was not otherwise privileged.

94.     As a result of the aforementioned conduct, plaintiff has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## TWELFTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION

95.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

96.     Defendants misrepresented and falsified evidence before the New York County District Attorney.

97.     Defendants did not make a complete and full statement of facts to the District Attorney.

98.     Defendants withheld exculpatory evidence from the District Attorney.

99.     Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff.

100.    Defendants lacked probable cause to initiate criminal proceedings against plaintiff.

101.    Defendants acted with malice in initiating criminal proceedings against plaintiff.

102.    Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff.

103.    Defendants lacked probable cause to continue criminal proceedings against plaintiff.

104.    Defendants acted with malice in continuing criminal proceedings against plaintiff.

105.    Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

106.    Notwithstanding the perjurious and fraudulent conduct of defendants, upon information and belief, all charges against plaintiff were dismissed on or about May 28, 2014.

107.    As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

**THIRTEENTH CLAIM FOR RELIEF**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

108.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

109.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

110.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

111.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

112.    The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

113.    As a result of the aforementioned conduct, plaintiff suffered severe emotional distress, mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

**FOURTEENTH CLAIM FOR RELIEF**
**NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION**

114.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

115.    Defendant CITY OF NEW YORK selected, hired, trained, retained, assigned and supervised all members of its Police Department and the Department of Corrections, including the defendants individually named above.

116.    Defendant CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

117.    Due to the negligence of the defendants as set forth above, plaintiff suffered mental injury, pain and trauma, together with embarrassment, humiliation shock, fright, and loss of freedom.

118.    As a result of the foregoing, plaintiff is entitled to compensatory damages and is further entitled to punitive damages against the individual defendants.

        **WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

        i.   an order awarding compensatory damages in an amount to be determined at trial;

        ii.  an order awarding punitive damages in an amount to be determined at trial;

        iii. reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

iv.  directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
        December 29, 2014

                                        BY:     _____
                                                JOSHUA FITCH
                                                GERALD COHEN
                                                COHEN & FITCH LLP
                                                *Attorneys for Plaintiff*
                                                233 Broadway, Suite 1800
                                                New York, N.Y. 10273
                                                (212) 374-9115
                                                jfitch@cohenfitch.com
                                                gcohen@cohenfitch.com